J.S52006/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM CORLEY, | : | |
| | : | |
| Appellant | : | No. 256 EDA 2013 |

Appeal from the Judgment of Sentence December 21, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0303171-2004
CP-51-CR-0705871-2006
CP-51-CR-0709181-2004

BEFORE: GANTMAN, P.J., ALLEN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:        **FILED FEBRUARY 17, 2015**

Appellant, William Corley, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following a finding that he violated his probation. Appellant avers the instant violation of probation ("VOP") sentence at trial docket CP-51-CR-0709181-2004 ("Case 1")[1] is illegal because: (1) the original, 2004 written sentencing order did not include a term of probation; and (2) the trial court did not have

---

[*] Former Justice specially assigned to the Superior Court.

[1] For ease of discussion of the three docket cases in this appeal, we adopt the short-hand references employed by Appellant in his brief.

authority to correct or amend the sentence in 2013.[2] The transcript for the 2004 sentencing hearing is not available and thus we consider the statements in absence of transcript prepared by the trial court and both parties. We affirm, and deny the Commonwealth's third request for extension of time to file an appellee's brief.[3]

Appellant challenges only the sentence at Case 1. However, the procedural history of this case is intertwined with those at dockets CP-51-CR-0303171-2004 ("Case 2") and CP-51-CR-0705871-2006 ("Case 3"). Accordingly, we summarize all three together.

At Case 1 and Case 2, on August 19, 2004, Appellant pleaded guilty to one count each of retail theft,[4] felonies of the third degree. On the same day, the court imposed concurrent sentences of nine to twenty-three months' imprisonment in both cases. The written sentencing order for Case 2 also included a sentence of three years' probation. The sentencing order for Case 1, however, did not include such a probation term, and it is on this omission that Appellant relies in now arguing the original sentence at Case 1

---

[2] The first time Appellant raised these claims was in his court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. However, because his claim goes to the legality of his sentence, we do not find waiver. *See Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014) ("[I]f the sentence clearly implicates the legality of sentence, whether it was properly preserved below is of no moment, as a challenge to the legality of sentence cannot be waived.").

[3] *See* n.7, *infra*.

[4] 18 Pa.C.S. § 3929.

never had a probationary term.

On October 11, 2006, Appellant pleaded guilty at Case 3 to another charge of felony-third degree retail theft. The trial court imposed a sentence of nine to twenty-three months' imprisonment with immediate parole and one year probation. The court also found Appellant in violation of probation at Case 2, and imposed a VOP sentence of ten to twenty-three months' imprisonment and two years' probation.

Subsequently, on March 25, 2009, the court revoked probation in all three cases and imposed "a sentence of 18 to 36 months incarceration [and] 12 months reporting probation."[5] Trial Ct. Op. at 4. A review of the Superior Court docket reveals that Appellant did not appeal from any of these sentences.

On October 26, 2012, the court presided over yet another VOP hearing. On December 21, 2012, it revoked probation in all three cases and imposed the instant sentence: (1) at Case 3, 18½ to 37 months' incarceration; (2) at Case 2, a consecutive 6 to 12 months' incarceration; and (3) at Case 1, a consecutive 6 to 12 months' incarceration.[6] Appellant filed a timely post-sentence motion, which was denied, and on January 15,

---

[5] In the interim, on September 27, 2007, the court had again revoked probation at Cases 2 and 3 and imposed sentences of three years' probation. Trial Ct. Op., 4/24/13 at 3; Appellant's Brief at 5.

[6] The aggregate sentence was imposed to run consecutive to another sentence in Delaware County for retail theft. Trial Ct. Op. at 4.

2013, filed a timely notice of appeal.[7]  According to Appellant, after the notice of appeal was filed, the trial court amended the docket at Case 1 to reflect that a three-year term of probation was imposed on August 19, 2004. Appellant's Brief at 6, 20.

At this juncture, we summarize the trial court's and parties' statements in lieu of transcript.  We note these statements were filed almost ten years after the original August 19, 2004 sentencing hearing. Furthermore, at the 2004 hearing, Appellant was represented by an attorney with the Defender Association of Philadelphia.  At the instant VOP

---

[7] We note the delay between Appellant's notice of appeal and our instant disposition.  Within one month of his January 25, 2013 notice of appeal, Appellant filed with this Court an application for remand to obtain notes of testimony.  This Court granted it, as well as a second application for remand for notes of testimony.  Finally, on November 19, 2013, this Court issued a *per curiam* order, acknowledging a letter sent from the trial court administrative office and the fact that it appeared certain notes of testimony were not available.  This Court thus directed the trial court and both parties to prepare statements in absence of transcript, pursuant to Pa.R.A.P. 1923, with respect to the original August 19, 2004 sentencing hearing.  The court and both parties have complied.

Finally, we note that upon receipt of the above statements, this Court issued a new briefing schedule.  Appellant requested, and received, two extensions of time to file a brief.  He ultimately filed one, three days late, on April 10, 2014.

The Commonwealth then filed a "first request" for extension of time to file a brief.  This Court granted an extension to July 11, 2014, and stated no further extensions would be granted.  On December 9, 2014, the Commonwealth filed another application for extension of time, which it also labelled a "first request."  This Court granted an extension to January 2, 2015.  On January 29th, the Commonwealth filed a third application for extension of time.  We deny the Commonwealth's application.

proceedings and in this appeal, Appellant is represented by other attorneys in the Defenders' office.

The trial court's statement in lieu of transcript cited Appellant's August 19, 2004 written plea colloquy in Case 1, which states the Commonwealth recommended a sentence of nine to twenty-three months' imprisonment and three years' probation, to run concurrent with the sentence at Case 2. The court also cited the Sentence Guideline Form for Case 1, which is signed by the trial court and dated August 19, 2004.[8] The "Sentence Imposed" section has pre-printed text and blank lines, with hand-written entries to reflect the following sentences: nine to three months' confinement in a county facility **and thirty-six months' probation**. The form also indicates that Appellant entered a negotiated guilty plea, although it does not explain what the negotiated terms were.[9]

Appellant's statement in absence of transcript averred the following.

---

[8] The trial court noted the docket number for Case 2 was incorrectly written on the Sentence Guideline Form for Case 1. Trial Ct. Statement in Absence of Tr., 1/17/14, at 2 n.1. It clarified the correct forms in each case with reference to the pre-printed Commission Form ID Numbers.

[9] The trial court's statement in lieu of transcript also cited a April 14, 2009 letter from Appellant, in which he "admits being on [the] Court's probation for retail theft, albeit not directly referencing a docket number." Trial Ct. Statement in Absence of Tr. at 2-3. We agree with Appellant that because the letter did not reference case numbers, it is not dispositive of whether probation was imposed at Case 1. *See* Appellant's Brief at 26.

His counsel obtained copies of the trial files[10] and consulted with plea counsel, who had "no independent recollection of this case" but "indicated that the notations on the file are consistent with her practice of recording events." Appellant's Statement in Absence of Tr. at 2. The "[n]otations on counsel's file indicate that [Appellant] was sentenced, for the crime of retail theft, to a term of incarceration of 9 to 23 months, **to be followed by a three-year period of probation**, that this sentence was to be concurrent with a sentence imposed [at Case 2], and that court costs were $234." *Id.* at 4 ("Statement of the Evidence") (emphasis added).

The Commonwealth's statement averred that the assistant district attorney at the August 19, 2004 sentencing hearing did not have an independent recollection of what transpired at the hearing. However, that attorney "confirmed that her notations" on the Commonwealth's case file indicated that in both Case 1 and Case 2, the "Court sentenced [Appellant] to a term of nine to twenty-three months' incarceration **to be followed by a three-year period of reporting probation**, to be served concurrently." Commonwealth's Resp. to Appellant's Pa.R.A.P. 1923 Statement in Absence of Tr., 1/24/14, at 3 (emphasis added).

On appeal, Appellant presents two issues for our review. First, he avers that because the written sentencing order for the original, August 19,

---

[10] Appellant explained that the trial files were scanned and digital copies thereof were saved, and the original files were destroyed. Appellant's Statement in Absence of Tr., 12/20/13, at 2 (unpaginated).

2004 sentence in Case 1 did not include a term of probation, the instant VOP sentence is illegal. He maintains "a written sentencing order takes precedence over oral statements made by the sentencing court at sentencing, but not included in the written order." Appellant's Brief at 20. Appellant also challenges the trial court's reasoning "that the absence of a term of probation on the original sentencing order . . . was a mere clerical error." *Id.* at 20. Additionally, Appellant asserts that despite the trial court's "corollary documents," "[b]ecause of the unavailability of the [sentencing transcript and] the passage of time, it seems unlikely that what was specifically stated at the sentencing proceeding will never [sic] be known." *Id.* at 23. Citing *Commonwealth v. Borrin*, 80 A.3d 1219 (Pa. 2013), he alleges "the possibility remains that the court's pronouncements at the original sentencing hearing were ambiguous." *Id.* In further support, Appellant suggests:

> [I]f . . . the court stated something like 'I impose 9 to 23 months on [Case 1] and a concurrent sentence on [Case 2], with 3 years probation,' this would explain why the sentence for Case 1 was recorded without a term of probation, but the sentence for Case 2 was recorded with a term of probation.[ ] This same pronouncement, however, might be interpreted by the attorneys in the room that an identical and concurrent sentence was imposed in each case, which would then be recorded as such in their respective files.[ ]

*Id.* at 24.

Appellant's second claim on appeal is that the court exceeded its authority to correct a patent and obvious error. He reasons that the court's

purported "correction" of the sentence was made "years after the original sentence was imposed[ and] while this matter was pending on appeal, and where the very matter 'corrected' was the basis of the appeal." *Id.* 31. We find no relief is due.

A claim that the trial court erred in correcting a sentencing clerical error or clarifying a judgment of sentence is "a question of law; thus, our scope of review is plenary and our standard of review is de novo." *Borrin*, 80 A.3d at 1225 (citation omitted).

In *Borrin*, the trial court announced the defendant's sentences for twenty criminal counts in open court in May of 2006. *Id.* at 1220. More than two years later, in response to an inquiry from the Department of Corrections ("DOC"), the trial court "informed the DOC that a review of the [sentencing] transcript . . . 'demonstrate[d] beyond all doubt that the intent of [the] court was to impose consecutive sentences.'" *Id.* at 1222. In May of 2009, the Commonwealth filed a petition for the court to clarify the sentence. *Id.* at 1223. The trial court then issued an order, in June of 2009, stating that all sentences were consecutive. *Id.* An *en banc* panel of the Superior Court unanimously reversed, holding the trial court impermissibly modified the original sentencing order. *Id.* at 1224.

The Commonwealth appealed to our Supreme Court, advancing two alternative arguments. *Id.* at 1225-26. First, the Commonwealth averred the court merely clarified the sentence and explained that all of the

defendant's sentences were to run consecutively. *Id.* at 1225. The Commonwealth further reasoned the "court's authority to take such action may be exercised at any time.[ ]" *Id.*

Our Supreme Court disagreed. *Id.* at 1226. The Court first observed, "In Pennsylvania, the text of the sentencing order, and not the statements a trial court makes about a defendant's sentence, is determinative of the court's sentencing intentions and the sentence imposed." *Id.* at 1226 (citations omitted). The Court then held the following. The trial court's 2008 and 2009 comments about "its subjective intent when sentencing [the defendant] were irrelevant to the process of order clarification the trial court was authorized to undertake." *Id.* at 1227. When asked to clarify its sentencing intent and the sentence imposed, "the trial court should have focused on the text of the . . . 2006 order itself and construed it in its entirety according to established canons of construction." *Id.* (citations omitted). The Court then read the 2006 order "as a whole" and found it did "not state that both the sentences of probation and . . . incarceration . . . run consecutively to each other," and instead, that some of the sentences of incarceration ran concurrently. *Id.* The Court thus concluded that the trial court's 2009 order did not merely clarify the 2006 sentence, but instead modified it, and that the court lacked authority to do so. *Id.*

The Supreme Court then considered the Commonwealth's second argument on appeal, that the 2009 order was "valid because it corrected an

obvious mistake in the [2006] order which erroneously indicated that [the] sentences of incarceration and probation run consecutively only to Count 1." *Id.* at 1226, 1227. The Court agreed "the trial court retained the inherent power to correct errors in its records or orders so they speak 'the truth,' and thereby reflect what actually took place in judicial proceedings." *Id.* at 1227 (citations omitted). The Court then considered whether the 2009 order was indeed merely a correction of an error. *Id.* It stated:

> We have set a high bar for differentiating between errors that may be corrected under the inherent powers of trial courts, and those that may not, describing correctible errors as those determined to be "patent and obvious mistakes." The term "clerical error" has been long used by our courts to describe an omission or a statement in the record or an order shown to be inconsistent with what in fact occurred in a case, and, thus, subject to repair.
>
> . . . [W]e emphasized that a trial court's inherent power of correction encompasses not only those patent and obvious errors that appear on the face of an order, but extends to such errors that emerge upon **consideration of information in the contemporaneous record**.
>
> \* \* \*
>
> At the same time, we emphasized that the inherent power of trial courts to correct orders is a limited power because it was the "obviousness" of the illegal and erroneous nature of the sentences reflected in the trial courts' orders rather than the illegality itself that triggered the courts' authority. In addition, we cautioned that the inherent power of correction does not extend to reconsideration of a trial court's exercise of sentencing discretion or its judicial decisions, and reiterated that the defendants before us were entitled to relief because their respective cases "involve[d] clear errors in the imposition of sentences that were incompatible with the record[.]"

*Id.* at 1227-28 (emphasis added) (citing, *inter alia*, ***Commonwealth v. Holmes***, 933 A.2d 57, 67 (Pa. 2007)).

Pursuant to ***Borrin***, we hold the trial court's amendment of the docket was a permissible correction of an error. As stated several times above, the transcript for the August 19, 2004 sentencing hearing is no longer available. The trial court's statement in lieu of transcript recalls that a sentence of three years' probation was imposed in addition to the term of imprisonment. The Sentencing Guideline Form, signed by the trial court and dated the same day of the hearing, states that the sentence is nine to twenty-three months' confinement and thirty-six months' probation. Furthermore, on appeal Appellant concedes that both parties' statements in lieu of transcript averred their attorneys at the sentencing hearing made "notations on their respective files . . . that a term of probation had been imposed on Case 1 as well as on Case 2." Appellant's Brief at 25 n.10. Accordingly, we reject Appellant's argument that there was possible ambiguity at the sentencing hearing. ***See id.*** at 23 ("The possibility of ambiguity at the original sentencing hearing in this matter is not a far-fetched conjecture."). Indeed, Appellant's own attorney made notes that re consistent with all of the documents cited above.

In light of all the foregoing, we hold the omission of a probation sentence on the 2004 written sentence order was a clerical error that was

subject to the court's authority to correct.[11] **See Borrin**, 80 A.3d at 1227-28. Thus, we find no error in the court's 2013 correction of the sentence to reflect a three-year term of probation was also imposed, and find no relief is due.

Judgment of sentence affirmed. Commonwealth's application for extension of time to file an appellee's brief denied.[12]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/17/2015

---

[11] Upon this Court's order for the trial court and the parties to file statements in lieu of transcript, the trial court held a hearing on January 8, 2014. At the hearing, the court noted the prior practice in Philadelphia of having the Clerk of Quarter Sessions memorialize criminal sentences, and noted that it has since ended. N.T., 1/8/14, at 6.

[12] **See** n.7, **supra**.